Freedman, J.,
dissents in a memorandum as follows: I respectfully dissent and would affirm the judgment below. I agree with the Supreme Court that the denial was arbitrary and capricious and violated article 23-A, §§ 752 and 753 of the Correction Law and the New York State and New York City Human Rights Laws (Executive Law § 296 [15]; Administrative Code of City of NY § 8-107 [10]).
Petitioner was convicted of two drug-related class D felonies approximately 23 years ago, and three misdemeanors, the most recent in 1993. In 1994, he entered a drug treatment program *457 which he successfully completed in 1995, and since that time, he has not only remained drug-free but remained close to the director of the program. He also entered a nine-month program at the Bowery Mission Transitional Center which he completed in November 1995, has remained a member of its alumni group and has received a certificate of achievement for his continued participation. In 1996, petitioner obtained a commercial driver’s license and a certificate of completion from Model Bus Driving School, and in 2002 he was issued a certificate of relief from disabilities by the Supreme Court, Kings County.
Since 1996, petitioner has been steadily employed as a school bus driver transporting both young and high school age pupils, including children with special needs. There have been no incidents, and he has been highly regarded by his employers, students, and parents. References note that he was punctual and related well to students ages K through 12. A letter from Thomas Buses Inc., dated September 19, 2008, informs that petitioner “worked for Thomas Buses from September 29, 2004 through August 11, 2006 . . . was valued employee ... is reliable . . . [and] loved driving children to and from school.” A letter from Gagnon Bus, Inc., dated September 20, 2008, his employer from 2006 to 2008, stated that petitioner “always communicated and interacted well with his coworkers ... is willing to help and do extra work.” Letters from other school bus companies for whom petitioner worked were similarly laudatory.
In 2005, petitioner received a certificate of school bus driver training from the Education Department of the State of New York indicating that he had successfully completed the New York State Education Department’s School Bus Driver 30-hour course.
In 2008, petitioner, at the behest of Thomas Buses, Inc., for whom he was again working, applied for certification as a New York City school bus driver. Certification would enable him to get health and other benefits. The application was denied based on petitioner’s list of convictions, and the motion court dismissed the petition challenging Department of Education’s (DOE) determination.
In 2010, this Court modified the motion court’s order (Matter of Hasberry v New York City Dept. of Educ., 78 AD3d 609 [2010]), reinstated the petition, and remitted the matter to DOE because it did not properly accord petitioner (and two other applicants) an opportunity to review the information upon which DOE had made its determination and submit statements and documents, as required by Regulation of the Chancellor No. *458 C-105. Upon remand, petitioner was asked to appear for an interview with the Office of Pupil Transportation (OPT) during which time he presented his driver’s license, various certificates including his training and bus driver certificates, his drug treatment program certificates and letters of reference from his employers. He was asked about his drug history and told the investigators that he had not used drugs since 1994 and was involved with caring for his daughter. The chief investigator recommended denial and, on March 17, 2011, DOE adhered to its previous position with no reasons stated.
Petitioner’s counsel requested a written statement pursuant to Correction Law § 754. On May 4, 2011, the executive director of OPT, Matthew Berlin, wrote that OPT had considered the elements of Correction Law § 753 and determined that petitioner was unsuitable for the position of school bus driver, which required close supervision of school children in the relatively unsupervised environment of a school bus. The letter further stated that the certification related to the duties of the job, noting the seriousness of the criminal offenses, their direct relationship to fitness to perform those duties, and the relatively mature age of petitioner when the offenses were committed. The letter also indicated that petitioner had not been completely truthful in his application. As noted by the trial court, there was no basis for that statement. Petitioner had listed all of his convictions and the sentences received (mostly conditional discharges and a one-year incarcerative sentence).
In response to petitioner’s article 78 proceeding, the executive director again referred to the criminal convictions and added that there was a “lengthy gap” in petitioner’s employment history from 1999 to 2002. Although he noted that it was the public policy of the State to encourage employment of persons with previous convictions, Berlin stated that OPT had serious concerns about exposing children to individuals who had been convicted of crimes involving sale of controlled substances. He added that petitioner provided no community recommendations except from the ministry and rehabilitation programs, and that the 18 years that had elapsed since petitioner’s last conviction was not that long. Berlin concluded that after balancing the factors and weighing the seriousness and nature of the criminal convictions against petitioner’s rehabilitation, positive references, work history, and age at the time of the convictions, it was determined that petitioner posed an unreasonable risk to the safety of young children.
Petitioner replied by denying that there had been any gap in his work history, stating that he had worked for Lifeline *459 Transportation Services from 1998 to 2002 but they had gone out of business, and that he had not been asked for community references, but could provide them from his church and pastor. He repeated that his past criminal history was not a reflection of who he had become and that he took his driving responsibilities very seriously, stating he drove “as though I were driving my own children.”
In granting the petition and annulling the determination, the trial court found respondent’s decision to be arbitrary and capricious because it failed to consider all of the factors set forth in Correction Law § 753. The court found that respondent only looked at petitioner’s criminal history and considered arrests that were dismissed and did not balance those factors with the extensive evidence of petitioner’s rehabilitation. It also noted that it failed to identify the alleged “untruthfulness” in petitioner’s application and improperly identified a “gap” in his employment.
Correction Law § 752 provides that “[n]o application for any license or employment... to which the provisions of this article are applicable, shall be denied ... by reason of the individual’s having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of ‘good moral character’ when such finding is based upon the fact that the individual has previously been convicted of one or more criminal offenses, unless:
“(1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought. . . ; or
“(2) the issuance ... of the license or the granting ... of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.” Correction Law § 753 enumerates eight specific factors to be considered in making determinations under section 752.
The eight factors are as follows: (a) recognition that the public policy of this state is to encourage licensure and employment of persons previously convicted of one or more offenses; (b) the specific duties and responsibilities related to the license or employment; (c) the bearing, if any, the criminal offenses will have on fitness or ability to perform the duties; (d) the time which has elapsed since the occurrence of the criminal offenses; (e) the age of the person at the time of the occurrence of the criminal offenses; (f) the seriousness of the offenses; (g) any information produced by the person or in his behalf in regard to his rehabilitation and good conduct; (h) the legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of individuals or the general public.
*460 Petitioner’s argument that DOE’s review was inadequate and that it did not properly consider the eight factors and that the only reasons given for rejecting petitioner’s application were based on inaccurate information has merit. The May 4, 2011 letter denying petitioner’s application, after remand for reconsideration by this Court, merely states that OPT considered the age at which petitioner committed his last criminal offense, the seriousness of the offenses, and the welfare of the children whom petitioner would have to supervise. It made no reference to the time that had elapsed since the last conviction (now 20 years), petitioner’s lengthy experience successfully driving school buses with the very same children or type of children he would be driving and supervising were the license granted, or the extensive evidence of complete rehabilitation that petitioner furnished. The letter’s reference to “untruthfulness” is totally unsupported by any evidence. The conclusion reached by the executive director of OPT that he had “grave doubt about his [petitioner’s] moral character and reliability” is belied by petitioner’s impeccable record of steady employment since 1994, and his employment as a school bus driver for public and private school pupils for 12 years without incident, his certificate of relief from disabilities, and his significant record of community service.
In Matter of Acosta v New York City Dept. of Educ. (16 NY3d 309 [2011]), the Court of Appeals specified that “ ‘[i]n making a determination as to whether either the direct relationship exception or the unreasonable risk exception applies,’ ” “[a] failure to take into consideration each of these factors results in a failure to comply with the Correction Law’s mandatory directive” (id. at 315, 316 [internal quotation marks omitted]). Based on his now 20-year record, all evidence demonstrates that petitioner has been completely rehabilitated and is able to reliably perform the duties of the position for which the license is sought.
As petitioner points out, the pertinent parts of the State (Executive Law § 296 [15]) and City (Administrative Code of City of NY § 8-107 [10]) Human Rights Laws both provide that it is an unlawful discriminatory practice to deny a license or employment based on a criminal conviction when such a denial is in violation of the provisions of article 23-A of the Correction Law.
Accordingly, I agree with the motion court’s finding that respondent’s determination denying petitioner’s application for certification as a DOE school bus driver failed to account for petitioner’s rehabilitation, was arbitrary and capricious, and violated article 23-A of the Correction Law.